The Honorable Allen Gordon State Senator Box 558 Morrilton, AR 72110
Dear Senator Gordon:
This is in response to your request for an opinion concerning the control of and access to certain municipal records maintained by a municipal clerk. You note that a city council has passed an ordinance directing that the mayor be provided duplicate keys to file drawers maintained by the city clerk. You have attached correspondence from the city attorney wherein it is noted that ". . . the files which the Mayor seeks access to contain not only the laws of the City but all miscellaneous business records of the City." Letter from John C. Aldworth to the Honorable Allen Gordon (April 30, 1991). The municipal clerk takes the position that he has the exclusive control of records maintained by his office, subject to requests from the public and other officials for specific information.
The parties have requested an opinion from this office as to the enforceability of the ordinance.
It is my opinion that the ordinance is generally within the city's authority to exercise powers relating to municipal affairs.[1] A.C.A. §§ 14-42-307 and 14-43-602. While it is true that the city clerk in cities of the first class "shall have the custody of all the laws and ordinances of the city . . .," A.C.A. § 14-43-506(a), we cannot conclude that this Code section grants the clerk exclusive custody of the records, such that the city council lacks authority to require that the mayor be afforded access. While the council clearly lacks authority to transfer the clerk's duties as custodian of the "laws and ordinances" to another, (see 62 C.J.S. Municipal Corporations § 545 (1949)), it must also be recognized in this instance that the city council manages and controls the city's finances. A.C.A. §14-43-502(b)(1). This fact, combined with the mayor's power and authority to "cause the ordinances and regulations of the city to be faithfully and constantly obeyed" (A.C.A. § 14-43-504(a)), and the council's authority to "prescribe by ordinance" the duties of the clerk (A.C.A. § 14-43-313(b)), in all likelihood form a sufficient basis for passage of the ordinance.
While it is therefore my opinion that the ordinance would in all likelihood withstand a challenge on its face, it should be noted that issues could conceivably arise in connection with its application. According to Black's Law Dictionary (5th ed. 1979), the word "custody" carries with it ". . . the idea of the thing being within the immediate personal care and control of the person to whose custody it is subjected." Black's at 347. Although the ordinance on its face would not appear to deprive the municipal clerk of his immediate care and control of the laws and ordinances, prudence dictates that the mayor coordinate with the clerk in implementing the ordinance, in the absence of legislative standards or guidelines in this regard.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] We have not been provided with a copy of the ordinance or its precise language.